### Application OF REFRIGERATED TRANSPORT CO., Inc.
### No. 5340-CCT.

Railroad & Public Utilities Commission.

March 31, 1959.

Rodgers & Kirkland, Orlando, for the applicant.

Leo Foster and Murray Cook, both of Tallahassee, for M. R. & R. Trucking Co., protestant.

C. B. Pinson and Padgett Powell, both of Tallahassee, for Great Southern Trucking Co., protestant.

Chairman JERRY W. CARTER and Commissioner ALAN S. BOYD participated in the hearing and disposition of the application.

BY THE COMMISSION.

The commission held a hearing on this application pursuant to due notice in the commission's hearing room in the Whitfield Bldg., Tallahassee, on April 23, 1958.

By its original application Refrigerated Transport Co., Inc. sought a certificate of public convenience and necessity to operate an auto transportation company as a common carrier of fresh meat, cured meats and packing house products and articles distributed by meat packing houses, from Quincy, Florida to all points and places in Florida over irregular routes and on non-scheduled service. At the hearing applicant amended its application to request only authority to transport the following commodities from Quincy to all points and places in Florida over irregular routes and on non-scheduled service—fresh beef, fresh pork and frozen pork, smoked meats, sausage, lard, dry salt meat, butter, oleo, canned spiced luncheon meat and lamb. With this amendment the above listed protestants withdrew their protests.

After due consideration of the testimony and evidence adduced in this cause the commission finds applicant proved that public convenience and necessity require the transportation authority sought; that the granting of a certificate authorizing same will have no appreciable adverse effect upon transportation facilities within the territory sought to be served by the application or upon transportation as a whole within said territory. At the conclusion of the hearing the commission announced its decision to grant the application as amended.

Applicant is a corporation organized and existing under the laws of the state of Georgia with its principal place of business at 290 University Avenue, SW, Atlanta, Georgia. It is engaged in extensive interstate operations and presently holds no intrastate operating authority in Florida. Subsequent to the hearing applicant raised a question as to whether or not its acceptance of an intrastate certificate from this commission would affect its status as an interstate carrier in Florida under the reciprocal agreement entered into on December 20, 1957 between the state of Florida, the state of Georgia and twelve other states, waiving payment of certain motor vehicle fees and taxes on vehicles when operated strictly in interstate commerce. It stated that it did not wish to accept such certificate if its interstate privileges and immunities would be jeopardized under said reciprocal agreement. The commission thereafter requested an opinion of the Attorney General of the state of Florida relative to this matter and on February 12, 1959 an opinion (# 059-34) was furnished the commission. The opinion states in part as follows—

"This office is of the opinion that the Refrigerated Transport Co. may make use of a certificate of public convenience and necessity to operate as a common carrier of meats, packing house products and other articles distributed by packing houses, from Quincy to various points in the state of Florida, without jeopardizing its privileges and immunities under the Fourteen State Reciprocal Agreement involving its interstate operation, if, and only if, the company shall designate to the Florida Railroad & Public Utilities Commission the specific motor vehicles which it desires to use in the intrastate operation in Florida and that said motor vehicles be licensed and registered in the state of Florida and that at no time will the company transport property in intrastate commerce in this state or commingle Florida intrastate freight with interstate freight on a motor vehicle which has not been first so designated by the transport company. These conditions should be set forth in the intrastate certificate by the Florida Railroad

& Public Utilities Commission as the issuing authority. Florida mileage tax must be paid on all Florida intrastate movements.

"It must be clearly understood that this opinion has no application to chapter 212, Florida Statutes, commonly known as the 'Florida Sales and Use Tax Act', or to the rules and regulations made pursuant thereto."

In consideration of the premises, it is ordered that certificate of public convenience and necessity #617 be and it is hereby issued to Refrigerated Transport Co., Inc., 290 University Avenue, SW, Atlanta, Georgia, authorizing the operation of an auto transportation company as a common carrier of fresh beef, fresh pork and frozen pork, smoked meats, sausage, lard, dry salt meat, cheese, butter, oleo, canned spiced luncheon meat, and lamb, from Quincy, Florida to all points and places in the state of Florida, over irregular routes and on non-scheduled service.

It is further ordered that Refrigerated Transport Co., Inc. designate to this commission the specific motor vehicles which it desires to use in the intrastate operation in Florida; that said motor vehicles be licensed and registered in the state of Florida and that said company shall at no time transport property in intrastate commerce in Florida, or commingle Florida intrastate freight with interstate freight, on a motor vehicle which has not been first so designated by said company. Such requirements and conditions shall be set forth in said certificate.

It is further ordered that Refrigerated Transport Co., Inc. comply with this commission's rule governing the reporting and payment of the state mileage tax on its intrastate operation as aforesaid and its rules governing tariffs and insurance.